Richard W. Stover, ISB #6801
EBERLE, BERLIN, KADING, TURNBOW
  & MCKLVEEN, CHTD.
1111 W. Jefferson St., Suite 530
P.O. Box 1368
Boise, ID  83701-1368
Telephone:  (208) 344-8535
Facsimile:  (208) 344-8542
Email:  rstover@eberle.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, an Ohio corporation as subrogee of Empire Development Company, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ALL VALLEY FIRE INSPECTIONS & SERVICE,  INC., an Idaho corporation<br><br>    Defendant. | Case No.:<br><br>COMPLAINT |

Plaintiff, CINCINNATI INSURANCE COMPANY, as subrogee of Empire Development Company, LLC ("Plaintiff or Cincinnati"), by undersigned counsel, complains of Defendant, ALL VALLEY FIRE INSPECTIONS & SERVICE, INC., ("Defendant" or "All Valley"), and for its Complaint, states the following:

## JURISDICTION AND VENUE

1. The subject matter jurisdiction of this court is invoked pursuant to 28 U.S.C. 1332(a)(1) as Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and cost.

2. Venue is proper in the District of Idaho pursuant to 28 U.S.C. 1391(a)(2)

because a substantial part of the events giving rise to Plaintiff's claims took place in Idaho and a substantial part of the property that is the subject of this action is also located in Idaho. Venue is also proper pursuant to 1391(a)(1) and 1391(a)(3), because Defendant is subject to personal jurisdiction therein.

## PARTIES

3. At all relevant times, Plaintiff Cincinnati was an insurance company duly licensed to conduct business in the State of Idaho.

4. At all relevant times, Plaintiff Cincinnati was a corporation incorporated in the state of Ohio.

5. At all relevant times, Empire Development Company, LLC was an Idaho limited liability company operating a business at 205 N 10th Street Boise Idaho 83702 ("the Building").

6. At all relevant times, Plaintiff Cincinnati insured Empire Development pursuant to a policy of insurance that provided coverage for property damage and loss of business revenue resulting from, amongst other things, a water loss at the Building.

7. At all relevant times, Defendant All Valley was a fire protection company providing inspections, maintenance, service and installations of, amongst other things, dry pipe sprinkler systems.

8. At all relevant times, Defendant All Valley was a corporation incorporated in the state of Idaho with its principal place of business at 6401 S. Eisenman Road, Suite 101, Boise, Idaho.

9. At all relevant times, Defendant All Valley maintained a registered agent for service of process, George Edes, 7152 Lone Tree Lane, Boise, Idaho.

10. Upon information and belief, at all relevant times, Defendant All Valley inspected, serviced, serviced, maintained and installed fire protection systems in and throughout Idaho, and otherwise conducted business in and throughout Idaho.

## FACTS

11. At all relevant times, the Building contained a dry pipe sprinkler system (hereinafter "the System").

12. Dry pipe sprinkler systems are usually installed in unheated buildings or where there is the possibility of sprinkler pipes freezing. In this case, the system was located in the uninsulated attic.

13. In contrast to a wet pipe sprinkler system, a dry pipe sprinkler system is one in which pipes are filled with pressurized air or nitrogen, rather than water. The dry-pipe valve prevents water from entering the pipe until a fire causes one or more sprinklers to operate. Once this happens, the air escapes and the dry pipe valve releases. Water then enters the pipe from the riser, flowing through open sprinklers onto the fire.

14. In this case, the Sprinkler System was located in the Building's uninsulated attic.

15. If a dry pipe system, like the Sprinkler System, is designed, installed and maintained properly, water should not enter the pipes unless activated by a fire alarm.

16. Upon information and belief, beginning in 2013 through the January 1, 2017, Defendant All Valley performed regular inspections of the Sprinkler System.

17. Upon information and belief, inspections performed by Defendant All Valley included filling the Sprinkler System pipes with water to check for leaks.

18. After dry pipe system is tested with water, the sprinkler technician drains the system of water.

**COMPLAINT– PAGE 3**
10152-7\00892951.000

19. If a dry pipe system is not properly drained of water, water within the pipes can freeze and expand, causing a pipe rupture, which in turn activates fully activates the system to disperse water.

20. Upon information and belief, Defendant All Valley last inspected the Sprinkler System in December of 2017.

21. Upon information and belief, during the December of 2017 inspection, Defendant All Valley filled the Sprinkler System pipes with water, and subsequently attempted to drain the water from the pipes.

22. Weeks after the work performed by Defendant All Valley, the Sprinkler System activated suddenly in the absence of an alarm.

23. Subsequent investigation revealed water accumulations within the Sprinkler System pipes froze and rupture, trigger activation of the system.

24. Upon information and belief, Defendant All Valley failed to properly drain water from the Sprinkler System pipes during its December of 2017 inspection, resulting in the aforementioned water accumulations.

25. The Sprinkler System was installed properly.

26. Absent the water accumulations triggered by Defendant All Valley's improper and deficient work draining the Sprinkler System pipes, the Sprinkler System would not have activated on January 1, 2017.

27. On January 1, 2017, a catastrophic water loss occurred at the Building.

28. The water loss originated at the Sprinkler System.

29. A segment of Sprinkler system piping froze and ruptured, which triggered the Sprinkler System to activate, causing substantial water related property damage to the

building, its contents and loss of business income and revenue on the part of Empire Development.

30. Pursuant to its policy of insurance with Plaintiff Cincinnati, Empire Development submitted a claim seeking indemnification and reimbursement for property damage and loss of business income stemming from the fire.

31. Under the terms of the insurance policy referenced in 34, and upon demand by Empire Development Cincinnati paid in excess of $600,000 to or on behalf of Empire Development for property damage at the Building, and loss of business income suffered by the Empire Development.

32. In consideration of its payments, and by operation of law, Cincinnati became an actual bona fide subrogee of the Empire Development for a claim in excess of $600,000; and became subrogated to the Empire Developments rights and claims against any person or entity determined to have proximately caused the damages at issue.

## COUNT I
## NEGLIGENCE

33. Plaintiff alleges and incorporates the allegations contained in paragraphs 1 through 32 as if fully set forth herein Count I.

34. At all relevant times, Defendant All Valley as the maintenance and service company for the Sprinkler System, was under a duty to exercise reasonable care for the safety of Empire Development's real and personal property.

35. Defendant All Valley and/or its respective agents and employees, breached their duty of care by one or more of the following acts or omissions:

    a. Failed to properly drain water from the Sprinkler System's distribution piping as required by industry standards during the course of the system's regular inspection(s) prior to the subject loss;

    b.    Failed to detect low points in the Sprinkler System's distribution piping during the course of the system's annual inspection(s) prior to the subject loss;

    c.    Failed to service the Sprinkler System in accordance with the applicable NFPA standard(s);

    d.    Failed to provide recommendations and/or comments on inspection reports, or otherwise, that would have alerted Empire Development to low points in the Sprinkler System and/or the need to provide additional draining following work by All Valley; and

    e.    Was otherwise carless and negligent.

36.    As a direct and proximate result of Defendant All Valley's negligence, the Sprinkler System failed catastrophically, causing significant water related property damage at the Building.

WHEREFORE Plaintiff CINCINNATI INSURANCE COMPANY, as subrogee of Empire Development, prays for judgment in its favor and against Defendant ALL VALLEY FIRE SERVICE & INSPECTIONS, INC., in an amount in excess of SIX HUNDRED THOUSAND DOLLARS ($600,000), along with all costs and fees this Court deems just and appropriate.

DATED this 1st day of September, 2020.

                      EBERLE, BERLIN, KADING, TURNBOW
                          &McKLVEEN, CHARTERED

                      By   */s/ Richard W. Stover*
                          Richard W. Stover, of the firm
                          Attorneys for Plaintiff